O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff/Respondent,<br>vs.<br><br>JESUS MARTIN REYES-PRADO,<br><br>                Defendant/Petitioner. | Case No. ED CV 08-1047-CAS<br>           ED CR 8-01-CAS<br><br>**ORDER DENYING PETITIONER'S MOTION FOR TIME REDUCTION BY AN INMATE IN FEDERAL CUSTODY UNDER TITLE 28 U.S.C. § 2255** |

## I. INTRODUCTION

Defendant-Petitioner Jesus Martin Reyes-Prado ("petitioner") is currently serving a forty-six month term of imprisonment imposed by the Court based upon his guilty plea to a violation of 8 U.S.C. § 1326(a) in <u>United States v. Jesus Martin Reyes-Prado</u>, ED CR No. 8-01-SGL. On August 4, 2008, petitioner filed a motion for relief pursuant to 28 U.S.C. § 2255. On June 30, 2009, the government ("respondent") filed an opposition to petitioner's motion.

Having carefully considered both parties' arguments the Court finds and concludes as follows.

## II. BACKGROUND

According to respondent, petitioner is a citizen of Mexico and an alien of the United States. Opp., Exh 1. at 4. On or about October 4, 1996, petitioner was convicted of First Degree Burglary in the Superior Court of California in the County of Riverside, and sentenced to twenty-four months in prison. Id. On or about January 29, 2001, the same court convicted petitioner of Possession of a Controlled Substance for Sale, a drug trafficking offense. Id. Petitioner was sentenced to thirty-two months imprisonment. Id. On or about December 15, 2003, petitioner was convicted of Improper Entry by an Alien, in violation of 8 U.S.C. § 1325, in the United States District Court for the Central District of California. Id. Petitioner received a sentence of thirty months imprisonment as a result of the conviction. Id.

On or about November 1, 2000, petitioner was lawfully deported or removed from the United States. Id. On or about April 4, 2006, petitioner knowingly and voluntarily re-entered and remained in the United States without the consent of the Attorney General or his designated successor, the Secretary of Department for Homeland Security, or of any authorized representative of either the Attorney General or that Department, to reapply for admission or to otherwise re-enter and remain in the United States. Id. at 4-5. On December 5, 2007, immigration authorities found petitioner in Riverside County, within the Central District of California. Id.

On January 4, 2008, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), petitioner entered into a "fast-track" plea agreement with respondent and pled guilty to one count of Illegal Alien Found in the United States Following Deportation, in violation of 8 U.S.C. §§ 1326(a). Opp. at 1. The parties agreed that it would be appropriate for petitioner to receive a sentence at the low end of the range determined by an offense level of 17 and a criminal history category of V. Opp., Exh. 1 at 7; Opp., Exh. 2 at 2. The offense level of 17 included a 16-level enhancement for a prior deportation or removal after conviction for a felony that is a drug trafficking offense, plus a 4-level reduction for early disposition pursuant to U.S.S.G. § 5K3.1 and 3-level

reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), (b). Opp., Exh. 1 at 7. On April 7, 2008, Judge Stephen G. Larson of the Eastern Division of this Court accepted petitioner's guilty plea and sentenced petitioner to forty-six months in prison, followed by a three-year term of supervised release.

### III. LEGAL STANDARD

A motion pursuant to 28 U.S.C. § 2255 challenges a federal conviction and/or sentence to confinement where a prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Sanders v. United States, 373 U.S. 1, 2 (1963).

Section 2255 provides that the Court shall conduct a hearing on a motion filed thereunder "[u]nless the motion and files and records of the case conclusively show that the [petitioner] is entitled to no relief." Rule 8 of the Rules Governing § 2255 Proceedings provides that:

> [i]f the motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

The decision whether to hold a hearing is "committed to the court's discretion," and § 2255 "requires only that the judge give the prisoner's claim careful consideration and plenary processing, including a full opportunity for presentation of the relevant

3

facts." Watts v. United States, 841 F.2d 275, 277 (9th Cir. 1988) (citation and internal quotation marks omitted).

A petitioner arguing ineffective assistance of counsel under the Sixth Amendment must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the petitioner. Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) (citing Strickland v. Washington, 466 U.S. 668, 688, 695 (1984)). To meet the first requirement, a petitioner must show that counsel's representation were not reasonable under prevailing professional norms. Strickland, 466 U.S. at 688. There is a heavy burden associated with this requirement, as there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. To meet the second requirement, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Essentially, the moving party must affirmatively prove that the result would have been more favorable to the petitioning petitioner had counsel acted differently. Id.; see also Syers v. Schriro, 547 F.3d 1026, 1030 n.5 (9th Cir. 2008) ("Generally, a petitioner claiming ineffective assistance of counsel for failure to file a particular motion must not only demonstrate a likelihood of prevailing on the motion, but also a reasonable probability that the granting of the motion would have resulted in a more favorable outcome in the entire case.").

**IV. DISCUSSION**

Petitioner moves the Court to reduce his sentence on the ground that his deportable alien status renders him ineligible for benefits available to United States citizens, such as sentence reductions through drug programs, release to a minimum security facility or community correctional center ("halfway house"), and obtainment of Unicor jobs. Mot. at 1-2.

///

4

In his § 2255 motion, petitioner seeks relief under three federal constitutional and statutory rights: the Fourteenth Amendment's Equal Protection Clause, the Fifth Amendment's Due Process Clause, and the Equal Rights Act of 1964. Id. at 2. Petitioner additionally references an "Attorney General Memorandum dated April 28, 1995," through which the United States Attorney can purportedly "offer up to two (2) points downward departure if defendant accepts a final deportation order." Id. at 1.

Respondent argues that the Court should dismiss the petition on the following grounds: (1) Petitioner waived his right to collaterally attack his sentence by entering into a plea agreement; (2) Petitioner's claim was not raised on direct appeal, and is therefore waived; and (3) Petitioner should have filed his motion in the district of incarceration. Opp. at 1-3. Respondent also alleges that insofar as his petition addresses the execution of his sentence and not the sentence itself, it should have been filed under 28 U.S.C. § 2241 rather than § 2255. Id. at 3. In the alternative to dismissal, respondent argues, the Court should deny the petition on the merits.

The plea agreement reads: "[Petitioner] gives up the right to appeal any sentence imposed by the Court and the manner in which the sentence is determined, provided the sentence does not include a criminal fine and requires a term of imprisonment no greater than that specified in paragraph 12 above, and with the exception that the defendant reserves the right to appeal the calculation of defendant's criminal history category. [Petitioner] also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction." Opp., Exh. 1 at 12.

According to respondent, the Court imposed the sentence requested by the plea agreement, and the collateral attack waiver is therefore effective. Opp. at 2. Respondent claims that petitioner's request for a sentence reduction is not based on any of the excepted grounds, and are accordingly waived. Id.

The Court agrees with respondent. Petitioner entered into a "fast-track" plea agreement with respondent pursuant to Fed. R. Crim. P. 11(c)(1)(C). The terms of the plea agreement, quoted above, unambiguously state that petitioner gives up his right to appeal his sentence and waives any right to bring a post-conviction collateral attack on his conviction or sentence. See Opp., Exh. 1 at 12.

"The Ninth Circuit recognizes strong public policy considerations justifying the enforcement of a defendant's waiver of his right to appeal or collaterally attack a judgment." Franco-Guillen v. United States, 2011 WL 455222, at *1 (S.D. Cal. Feb. 3, 2011); see United States v. Novarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990) ("knowing and voluntary constitutional waivers do not violate due process."). Furthermore, petitioner does not request a sentence reduction based on any of the excepted grounds, such as ineffective assistance of counsel, newly discovered evidence, or a retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. See Opp, Exh. 1 at 12. The Court finds that by entering into the plea agreement with respondent pursuant to Fed. R. Crim. P. 11(c)(1)(C), petitioner knowingly and voluntarily waived his right to collaterally attack his sentence. Accordingly, the Court must deny his § 2255 motion.[1]

The Court additionally finds that petitioner has procedurally defaulted on his equal protection and due process claims. "Claims that could have been raised on appeal, but were not, are procedurally defaulted." United States v. Rodriguez-Palomares, 2008 WL 4691843, at *1 (S.D. Cal. Oct. 22, 2008); see Bousley v. United States, 523 U.S. 614, 621-22 (1998) (habeas review is an extraordinary remedy and will

---

[1] The Court notes that, insofar as petitioner's motion challenges "the manner, location, or conditions of a sentence's execution," it should have been brought more properly under 28 U.S.C. § 2241. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). Nevertheless, the Court finds that petitioner's motion is without merit and would fail whether brought under § 2255 or § 2241.

not be allowed to substitute for an appeal). The Court finds that petitioner has waived these claims by failing to appeal them directly in the first instance. Id.

Moreover, the Court finds that petitioner's equal protection and due process claims fail on the merits. Bureau of Prison ("BOP") policies preventing deportable aliens from participating in certain programs survive constitutional challenge. See McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir.1999). In McLean, the Ninth Circuit found that BOP exclusion of prisoners with detainers from community-based program based on petitioners' alien status did not violate equal protection. Id. "The BOP reasoned that prisoners with detainers pose a flight risk during the community-based treatment phase because they are subject to possible deportation upon release from custody, and therefore have reason to flee a halfway house." Id.

The Ninth Circuit also rejected the petitioners' due process claim, finding that denial of the one year reduction does not "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 1185, citing Sandin v. Conner, 515 U.S. 472, 484, (1995). "In fact, denial merely means that the inmate will have to serve out his sentence as expected." Id.

In accordance with the foregoing, the court hereby DENIES petitioner's § 2255 motion with prejudice.

IT IS SO ORDERED.

Dated: July 18, 2011      _____

                            CHRISTINA A. SNYDER
                            UNITED STATES DISTRICT JUDGE